**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID C. MARTIN,**

                                                **Plaintiff,**

          **-against-**                                                **7:10-CV-1113**

**MICHAEL J. ASTRUE,**
**Commissioner  of Social Security,**

                                                **Defendant**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


                                        **DECISION & ORDER**


**I.      INTRODUCTION**

          Plaintiff moves for an award of attorney's fees under the Equal Access to Justice

Act ("EAJA"), 28 U.S.C. § 2412.  The Commissioner does not oppose the motion.  For the

following reasons the motion is granted.


**II.      BACKGROUND**

          On September 16, 2010, Plaintiff filed a Complaint appealing a final decision of the

Commissioner of Social Security that denied Plaintiff's claim for benefits.  Dkt. # 1.

Although initially referred to Magistrate Judge Treece, the Court issued a Decision & Order

on September 19, 2012.  Dkt. # 17.  The Court reversed the Commissioner's decision and

1

remanded the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405
(g) for further administrative proceedings consistent with the Decision & Order. Id.  A final
judgment was entered in favor of Plaintiff on September 19, 2012.  Dkt. # 18.

On December 18, 2012, Plaintiff filed a motion seeking attorney and paralegal fees
in the amount of $10,207.50, and costs and disbursements in the amount of $435.00.
Dkt. # 19-1.  The sum represents 26.40 hours by Attorney Lawrence Hesseler at a
requested rate of $185.00 per hour; 46.30 hours by Attorney Scott Goldie at a requested
rate of $170.00 per hour; 17.80 hours by Attorney Kelly Coble at a requested rate of
$130.00 per hour; 14.30 hours by Paralegal Sue O'Dell at a requested rate of $75.00 per
hour, and $435.00 in disbursements comprised of $20.00 in photocopy and postage
charges, $65.00 for service of process, and $350.00 for a filing fee. Dkt. 19-2.

III.    DISCUSSION

The EAJA provides that:

a court shall award to a prevailing party other than the United States fees and other
expenses . . . incurred by that party in any civil action . . . brought by or against the
United States . . . unless the court finds that the position of the United States was
substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412 (d)(1)(A).

a. Timeliness of Motion

A party seeking an award of EAJA fees and other expenses shall file a motion with
the court within thirty (30) days of final judgment in the action.  28 U.S.C. §2412 (d)(1)(B).

"Final judgment" means a judgment that is final and appealable. 28 U.S.C. §2412(d)(2)(G). The Supreme Court has held that "[t]he 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." Melkonyan v. Sullivan, 501 U.S. 89, 111 S. Ct. 2157, 2162, 115 L. Ed.2d 78 (1991).  Pursuant to Rule 4(a) of the Federal Rules of Appellate procedure, in a civil case to which a federal officer is a party, the time to appeal does not end until 60 days after "entry of a judgment." Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 2632, 125 L. Ed.2d 239 (1993).

The Court issued its Decision & Order on September 19, 2012, reversing the decision of the Commissioner.  A judgment was entered the same day. Sixty (60) days from September 19, 2012 is December 18, 2012, the date the instant motion was filed. Thus, the instant application is timely.

**b. Conduct Not Substantially Justified**

The government bears the burden of showing that its position was substantially justified.  Healey v. Leavitt, 485 F.3d 63, 67 (2d Cir. 2007).  To meet that burden it must make a strong showing that its action was "'justified to a degree that could satisfy a reasonable person.'" Healey, 485 F.3d at 67 (quoting Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed.2d 490 (1988)).  Courts have found the Commissioner's position is not substantially justified when a Social Security claim is "supported from the start by probative medical evidence that was unreasonably ignored or mischaracterized by the . . . ALJ." Ericksson v. Commissioner of Social Security, 557 F.3d 79, 83 (2d Cir. 2009) (where a physician's report of the plaintiff's back condition was summarized by the ALJ as simply being "noted, when the doctor in fact made an independent diagnosis"); see

<u>also</u> 20 C.F.R. §404-1527 (d) ("Regardless of its source, we will evaluate every medical opinion we receive.").

Here, for the reasons stated in the Court's prior decision remanding Plaintiff's claim to the Commissioner of Social Security for further proceedings, the Court finds the Commissioner was not substantially justified in challenging the action.[1]

### c.  Reasonable Attorney & Paralegal Fees, Costs

Allowable fees and other expenses under the EAJA are defined as:

. . . reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished . . . and . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee.).

28 U.S.C. §2412(d)(2)(A).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  <u>Healey</u>, 485 F.3d at 69 (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed.2d 40 (1983)).  The standard fee for routine social security cases under the EAJA in the Second Circuit averages around twenty to forty hours.  <u>See</u> <u>Coughlin v. Asture</u>, 2009 WL3165744, at *2 (N.D.N.Y. Sept. 28, 2009). Attorney's fees may be awarded in an amount "above the statutory cap if they are 'qualified for the proceedings' in some specialized sense, rather than just in their general legal competence."  <u>Healey</u> 485 F.3d at 68.

Here, Plaintiff's attorneys spent 90.5 hours for representation of Plaintiff between October 2008 - December 2011, which largely consisted of time conducting research,

---

[1]In light of the failure to file opposition papers, the Commissioner does not argue otherwise.

drafting memoranda, reviewing court documents, and attending two hearings before the Commissioner.  Given the relatively complex factual issues presented in this case and two hearings, see e.g. 09/18/12 Dec. & Ord., the Court finds that the expenditure of time was reasonable.  Furthermore, the hourly rate charged by Plaintiff's attorneys and paralegal, adjusted for cost of living increases by the Consumer Price Index, is also reasonable.  See Dkt. 19-2; see also Harris v. Sullivan, 968 F.2d 263,265 (2d Cir. 2008) (noting that "cost of living" has the "ordinary meaning and is properly measured by the Consumer Price Index"); Kerin v. U.S. Postal Service, 218 F.3d 185, 194 (2d Cir. 2000) ("the hourly rate under §2412 (d)(1)(A) should only be increased by the corresponding Consumer Price Index for each year in which the legal work was performed"); Kiely v. Astrue, 2012 WL 3727164, at *2 (D. Conn. March 30, 2012)("Based on its review of the relevant cases, . . . as well as its familiarity with customary rates charged in this District, the Court finds that a rate of $100/hour is reasonable for paralegal work performed on a case in which fees are to be awarded under the EAJA.").

Finally, the Court finds that the sought after costs are reasonable and will be included in the instant award.  See 28 U.S.C. § 2412(d)(1)(A); Jerolmon v. Astrue, 2013 WL 210898, at *1 (D. Conn. Jan. 18, 2013)("The motion lies under section 204(d) of the Equal Access to Justice Act (EAJA), codified in 28 U.S.C. § 2412(d), which provides in pertinent part that 'a court shall award to a prevailing party ... fees and other expenses ... in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" ).

5

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion [dkt. # 19], and

awards attorney and paralegal fees in the amount of $10,207.50, and costs and

disbursements in the amount of $435.00.

**IT IS SO ORDERED**.

Dated:January 28, 2013

Thomas J. McAvoy
Senior, U.S. District Judge